HOOD, Judge.
Mr. and Mrs. Olin Travis Megason claim damages for injuries sustained by Mrs. Me-gason when a laparotomy pad was left in her abdominal cavity following surgery. The suit was instituted against the hospital, the chief surgeon, the assisting surgeon, and their insurers. Plaintiffs settled their claims against the hospital and the chief surgeon prior to trial, and the suit was tried only on their claim against the assisting *946 surgeon, Dr. James V. Kaufman, and his insurer, Continental Insurance Company.
Judgment was rendered by the trial court in favor of defendants. Plaintiffs appealed. We affirm.
The sole issue presented is whether the assisting surgeon was negligent, and whether he thus is responsible for the injuries sustained by plaintiffs.
Mrs. Megason underwent abdominal surgery in the Natchitoches Parish Hospital on August 24, 1970. Dr. Charles E. Cook, plaintiffs’ family physician, performed the operation as chief surgeon, and Dr. Kaufman was the assisting surgeon. Almost two years later plaintiff discovered that a sponge had been left in the peritoneal cavity during the operation. A laparotomy pad, or “lap sponge,” was surgically removed from Mrs. Megason’s abdomen on August 2, 1972. This suit was instituted a few months later.
Shortly before the first surgery was performed in 1970, Dr. Cook asked Dr. Kaufman to assist him in performing the operation. Dr. Kaufman had never seen or treated Mrs. Megason prior to that time. The surgery was performed in accordance with the hospital’s usual and standard procedures, particularly with reference to the counting and checking of sponges before the wound was closed. The chief surgeon, the assisting surgeon, a “scrub nurse” and a “circulating nurse” were present during the entire operation.
Immediately prior to the performance of the surgery the nurses counted and made a record of the number of sterile sponges which were available for use in that procedure. After the surgery was completed and before the incision was closed, the chief surgeon, Dr. Cook, called for a sponge count. The circulating nurse thereupon counted the number of sponges which had been used and removed from plaintiff’s abdomen, while the scrub nurse counted the number of unused sponges which remained on the sterile field. They compared their figures and determined that all sponges had been accounted for. They reported that fact to Dr. Cook, and he thereupon proceeded to close and suture the incision.
Both of the above nurses testified that they counted the sponges carefully and thought that the count was correct. They do not understand how they failed to account for one sponge. One of the nurses stated that Dr. Cook participated in the counting of the sponges, and that he checked to make sure that the sponge count was correct. The other nurse did not recall seeing Dr. Cook check the sponge count on that occasion, but she stated that that is the usual procedure, and that she had “never seen it not done.” Both testified that Dr. Kaufman did not participate in counting the sponges, but that it had never been the practice in Natchitoches Parish for the assisting surgeon “to count sponges and participate in the sponge count.”
Six doctors, including Dr. Kaufman but not Dr. Cook, testified at the trial or by deposition. Four of them practiced medicine in Natchitoches Parish. All of them except one, Dr. L. R. Collier, testified unequivocally that it was not the duty or responsibility of the assisting surgeon at any time to participate in counting sponges or in checking on the count of sponges following surgery. They stated that in an operation of this type, the assisting surgeon does not place a sponge or a surgical instrument in the abdominal cavity, or even put his hands in that cavity, unless the chief surgeon asks or instructs him to do so. They consider it to be the sole responsibility of the chief surgeon, not the assisting surgeon, to order the sponge count, to check on that count, and to determine that all sponges have been removed from the abdomen before the incision is closed. Good reasons were assigned for that practice, some of which are that the opening is relatively small and there is not room for two surgeons to work in it, the assisting surgeon is not in as good a position as is the chief surgeon to see in the cavity, the assisting surgeon might break an abscess or damage some surgical work which had been done by the chief surgeon, and the assisting surgeon may cause unnecessary trauma to the patient if he places his hands in the cavity.
*947 Dr. Collier, who removed the lap sponge from Mrs. Megason’s abdomen in 1972, testified that in performing abdominal surgery it is “primarily the function of the chief surgeon” to check and to see that all sponges have been removed from the cavity. He stated that if the nurses report that the sponge count is correct and the chief surgeon examines the abdomen for sponges, he feels that the assistant surgeon then would be relieved from any duty to examine the patient further for sponges. He expressed the view, however, that if the chief surgeon did not palpate the abdomen to determine whether any sponges remained in it before closing the incision, then it would be the duty of the assistant surgeon to do so. He conceded that he has served as an assisting surgeon only twice in the past twelve years, and that on both of those occasions he did not make a sponge count or check to see whether the sponges had been removed, because the chief surgeon did not instruct him to do so.
The trial judge decided that “assisting surgeons in the Natchitoches medical com-mmunity do not count sponges, that this is entirely out of the scope of the assisting surgeon’s responsibilities,” and that the chief surgeon has the responsibility of seeing that all procedures required in the performance of the surgery are performed correctly. He concluded that Dr. Kaufman violated no duty owed to plaintiffs and that he was free from negligence.
The law imposes a duty on a physician or surgeon to exercise the degree of skill ordinarily employed under similar circumstances by members of his profession in good standing in the same community or locality, and to use reasonable care and diligence along with his best judgment in the application of his skill to the case. Meyer v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781 (1953).
Our Supreme Court has held that, as a general rule, the failure of the chief surgeon to remove a sponge or pad before closing an incision may be regarded as negligence per se. See Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (1969). Plaintiffs rely on that case, and they argue that the same general rule should be applied to a surgeon who assists in the operation.
Both parties concede that the question presented here, that is, whether the duties imposed on the chief surgeon with respect to the removal and counting of sponges also are imposed on the assisting surgeon, is res novo in Louisiana. Plaintiffs, however, cite and rely on Conrad v. Lakewood General Hospital, 67 Wash.2d 934, 410 P.2d 785 (1966), where the Supreme Court of Washington held that both the chief surgeon and the assisting surgeon were responsible for leaving a hemostat (a metal, scissor-like surgical instrument) enclosed in the plaintiff’s abdomen. In that case both surgeons utilized those surgical instruments in the patient’s abdominal cavity to stop bleeding, and it was impossible to determine which of them failed to remove a hemostat which he had inserted. Surgeons in that locality did not make a practice of counting the surgical instruments used in the operation to determine whether one was left in the cavity. The court refused to overturn a jury verdict which found that the assisting surgeon as well as the chief surgeon was liable, on the ground that the jury could have concluded that the assistant surgeon “negligently failed to remove a hemostat which he inserted in the plaintiff’s abdomen”, or that “he failed to observe that (the chief surgeon) negligently misplaced such an instrument or was careless in examining the operative field before closing the wound.”
We distinguish Conrad, supra, from the instant suit because of the difference in facts. Here, Dr. Kaufman did not insert any pads in Mrs. Megason’s abdominal cavity, he had no authority to remove any pads which may have been inserted, and there is no showing that he should or could have observed that the chief surgeon was careless in examining the operative field. If Conrad can be construed to be in conflict with the holding of the trial court in the instant case, however, then we respectfully disagree with the views expressed by the Washington court insofar as such a conflict may exist.
We think the medical evidence preponderates to the effect that in Natchi- *948 toches Parish the assisting surgeon is not responsible for counting sponges, or for checking on the count of sponges made under the direction of the chief surgeon. So far as we can determine from the evidence, that practice is general in the medical profession and is not restricted to Natchitoches Parish. Dr. Collier, who incidentally practices in Winnfield and does not perform surgery in Natchitoches Parish, feels that a duty to check on the sponge count is imposed on the assisting surgeon under some circumstances. The evidence in the instant case indicates, however, that the chief surgeon checked the sponge count before closing the incision, and we believe that Dr. Kaufman thus was relieved from the duty of making another check of the sponges, even if Dr. Collier’s views as to the standards of the medical profession should be accepted. Since Dr. Kaufman had no authority to examine plaintiff’s abdomen for lost sponges in the absence of instructions to do so by the chief surgeon, we believe he should not be held responsible for the failure to discover that one such sponge had been left in the abdominal cavity when the wound was closed.
Our conclusion is that Dr. Kaufman, as the assisting surgeon, did not owe plaintiffs a duty of counting the sponges or of checking to see that all of the sponges used in performing the surgery had been removed before the incision was closed. He thus was not negligent in having failed to determine that a laparotomy pad had been left in plaintiff’s abdomen when the operation was concluded.
There thus is no error in the judgment of the trial court which relieves Dr. Kaufman and his insurer from liability.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.