499 So.2d 1135 (1986)
Julie Alice KELLY
v.
RIVERSIDE MEDICAL CENTER, Dr. James H. Cody and Dr. William E. Weldon.
No. 85 CA 0502.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Ray Breland, Jr., Bogalusa, for Julie Alice Kelly.
Bruce Johnston, New Orleans, for Drs. Cody and Weldon.
Debra Templet, Baton Rouge, for Riverside Medical Center.
Before GROVER L. COVINGTON, C.J., and WATKINS and Le BLANC, JJ.
WATKINS, Judge.
This is a medical malpractice suit brought by Julie Alice Kelly against Riverside *1136 Medical Center, Dr. James H. Cody, and Dr. William E. Weldon. All parties agree that a lap sponge was left in Mrs. Kelly's abdomen at the conclusion of an operation to remove Mrs. Kelly's gallbladder and appendix. Thereafter, Mrs. Kelly underwent three additional abdominal operations, the first to remove the lap sponge and the last two to explore the cause of pain experienced by Mrs. Kelly. The last two operations found nothing except multiple adhesions, which were lysed.
The suit was tried without a jury, with the extensive use of medical depositions. The trial court awarded damages against Riverside, Dr. Cody, and Dr. Weldon in the sum of $150,000.00 for pain and suffering, $39,000.00 for past medical expenses, and $15,000.00 for "future testing, treatment, nursing care and very possibly corrective surgery." From this judgment, all parties appealed. We amend and affirm.
There is no serious question of liability on the part of Riverside and Dr. Cody (who performed the operation, assisted by his medical partner, Dr. Weldon.) The sole questions are quantum and liability on the part of Dr. Weldon.
Mrs. Kelly saw Dr. William Crooks of Bogalusa for epigastric pain. She was placed in Riverside Medical Center, Franklinton, Louisiana, where tests were run. She was advised to undergo surgery to have her gallbladder and appendix removed. Dr. Cody performed the operation assisted by Dr. Weldon on August 14, 1980. Recovery from the operation did not follow a normal course. Mrs. Kelly retained a high fever and felt severe pain in her abdomen. Mrs. Kelly underwent a second operation that was exploratory in nature three days later. The operation was performed by Dr. Cody and Dr. Weldon. They had suspected that a lap sponge had been left in Mrs. Kelly's abdomen as a result of x-rays that had been taken, but it was not conclusively determined that a lap sponge had been left until the second operation was performed and the lap sponge was removed.
After the second operation, Mrs. Kelly continued to experience pain in the upper right quadrant of the abdomen. She was referred to Dr. Claude C. Craighead of New Orleans, a prominent surgeon, who saw her on October 9, 1980. She was admitted to Touro Infirmary, where on October 24, 1980, Dr. Craighead performed an exploratory laparotomy during which adhesions were lysed. No other problems were noted during the surgery. Dr. Harris Hyman, an internist, also saw Mrs. Kelly while she was at Touro. He administered a number of tests, which proved negative. After being discharged from Touro, Mrs. Kelly was readmitted by Dr. Craighead on November 7, 1980, with complaints of upper right quadrant abdominal pain. The pain was attributed to the drug Macrodantin, which Dr. Crooks had prescribed two days before hospitalization. Dr. Hyman could find no objective basis for pain that Mrs. Kelly continued to feel. Dr. Hyman recommended psychotherapy, which Mrs. Kelly apparently declined to undergo.
Mrs. Kelly next saw Dr. Charles Guice, a surgeon of Hattiesburg, Mississippi, on May 20, 1981, complaining of abdominal pain, Dr. Guice had Mrs. Kelly admitted to Forrest County General Hospital, and ordered a ERCP, to test the pancreatic duct, which was found to be normal. On May 29, 1981, Mrs. Kelly was discharged, but was readmitted the same day, still complaining of abdominal pain. She was diagnosed as having pancreatitis, which had resulted from the ERCP. Dr. Guice performed an exploratory laparotomy (he had never been told by Mrs. Kelly of the exploratory laparotomy that was performed by Dr. Craighead), and lysed multiple adhesions in the abdomen, which Dr. Guice described as being "dense." Mrs. Kelly continued to experience abdominal pain in the upper abdomen, for which pain Dr. Guice could find no objective basis. Dr. Guice felt Mrs. Kelly's difficulty was to some extent psychological, and recommended psychiatric treatment.
Dr. Glynn Hebert, an internist, saw Mrs. Kelly from August 13, 1980 through January 20, 1984. He felt that abdominal pain *1137 was only one of the medical conditions resulting from the lap sponge, others, inter alia, being pancreatitis and urinary tract infection.
The record supports the conclusion of the trial court that Mrs. Kelly genuinely experiences pain in the upper abdomen. We find that one could conclude without error that the pain is the result of adhesions which are in turn the result of the surgeon's having left the lap sponge in Mrs. Kelly's abdomen. Dr. Weldon admitted in live testimony before the court that the presence of the lap sponge could cause adhesions. The medical testimony taken as a whole could be taken to indicate that adhesions could cause pain. It is not unreasonable to assume that Mrs. Kelly would not have undergone two surgeries, one by Dr. Craighead and one by Dr. Guice, had she not experienced severe pain. Although Dr. Guice and Dr. Hyman felt that Mrs. Kelly's problems were largely psychological, a victim is taken as she is found. Reck v. Stevens, 373 So.2d 498 (La.1979). We note that the defendants argue strenuously that it is highly significant that Mrs. Kelly complains of pain mainly in the upper right abdomen, while the lap sponge was left in the upper left abdomen. However, the lap sponge was quite large (having been 18" by 18", according to some expert testimony) and it is a well known phenomenon that pain is not always experienced in the precise area where the injury was done. We hold that the trial court did not commit error in finding that the adhesions were caused by the presence of the lap sponge, which in turn caused pain. The record could be taken to indicate that the pain experienced by Mrs. Kelly rendered three subsequent surgical procedures advisable, which would never have been undertaken had it not been for the alleged root cause, the lap sponge. The trial court did not abuse its "much discretion" in the fixing of quantum in determining that the pain was caused by the lap sponge and its removal, and that an award of $150,000.00 for pain and suffering was called for. See former LSA-C.C. art. 1934(3) (1870), now LSA-C.C. art. 1999. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We decline to reduce or increase the award of the trial court in this respect.
The record shows that the lap sponges were counted by the nurse, assisted by the chief surgeon, Dr. Cody. The law is clear that when a lap sponge is left in a patient in the course of surgery, the chief surgeon and the hospital may be held liable. However, the liability of an assistant surgeon is to be determined by the facts of each particular case. Megason v. St. Paul Fire & Marine Insurance Co., 355 So.2d 945 (La.App. 3d Cir.1977), writ refused, 356 So.2d 1001 (La.1977). No testimony was introduced that would show that the assistant surgeon at the first operation, Dr. Weldon, was in any way responsible for the counting of the lap sponges, or for one being left in Mrs. Kelly's abdomen. Therefore, we discharge Dr. William E. Weldon as a party defendant.
The trial court awarded the sum of $15,000.00 for future medical expenses, as we have stated. The record is devoid of any indication that future medical expenses will be necessitated. We therefore amend the judgment of the trial court to deny future medical expenses.
The trial court awarded $39,000.00 for past medical expenses. Of this sum, $950.00 represents sums due Dr. Weldon, and $70.00 sums due Dr. Cody for the first surgery. The first surgery was not necessitated by the lap sponge. Therefore, these sums should be deleted as items of damage. Likewise, other sums due Riverside Medical Center may have originated in the first surgery. These sums, which we are unable to ascertain from the record, should likewise be deleted. We have no alternative but to remand the case to determine the sum for past medical expenses incurred in the first surgery, and to order that sum subtracted from the total sum awarded.
Accordingly, the judgment of the trial court is amended to delete the sum of $15,000.00 awarded for future medical expenses *1138 and affirmed as to the $150,000.00 awarded for pain and suffering. The judgment is amended to delete sums for past medical expenses attributable to the operations performed on August 14, 1980. Dr. William E. Weldon is dismissed as a party defendant, with prejudice. All costs shall be borne by Riverside Medical Center and Dr. James H. Cody.
AMENDED AND REMANDED.