CLARENCE E. McMANUS, Judge.
Diane Charlotte Romero and Huey Romero filed this medical malpractice action against Joseph H. Beilina, M.D., and Bonnabel Hospital. The Romeros (hereinafter Plaintiffs) reached a settlement with Bonnabel Hospital, and the case proceeded to trial against Dr. Beilina alone. The trial court rendered a judgment in favor of the Plaintiffs. For the reasons that follow, we affirm.
STATEMENT OF THE CASE
On March 31, 1987, Plaintiffs filed a Petition for Damages against Dr. Beilina and Bonnabel Hospital for injuries Mrs. Romero sustained from a laser surgery. Huey Romero filed a separate claim for loss of consortium. The Plaintiffs have divorced since the filing of this suit.
The Plaintiffs settled their claims with Bonnabel Hospital, and the case proceeded to trial against Dr. Beilina on June 12, 2000. After a bench trial, the trial court rendered judgment in favor of the Plaintiffs for $170,966.41. From this judgment, Dr. Beilina filed the present appeal.
FACTS
The Plaintiffs were originally referred to Dr. Beilina due to difficulty conceiving a child. Diane Romero was diagnosed with chronic salpingitis, a condition marked by a partial blockage and inflammation of the uterine tube. She was considered a candidate for laser surgery to correct this condition.
On November 27, 1984, Dr. Beilina performed laser surgery on Mrs. Romero at Bonnabel Hospital in Metairie, Louisiana. *281 During the surgery, Dr. Beilina was assisted by Kristine Markey and Antoinette Toups, surgical nurses employed by Bon-nabel Hospital. The nurses’ primary function in this operation was retraction of the incision, | P,permitting Dr. Beilina to perform the laser surgery. The surgery itself was completed successfully. However, before the final suturing of the laser incision, the nurses erroneously informed Dr. Beili-na that all the lap pads, or sponges, had been accounted for.
The day after the procedure, Mrs. Romero complained of severe abdominal pain. She continued to suffer this pain intermittently for three weeks, and then it abated. A few months later, she discovered a mass in her abdomen near the area where the surgery was performed. Alarmed by this discovery, she visited her treating OB/GYN, Donald Blue, M.D. Dr. Blue determined through an x-ray that the mass in her abdomen was a lap sponge from the November 27, 1984 surgery with Dr. Beilina. Ms. Romero underwent corrective surgery with another doctor to remove the sponge. A Medical Review Panel was convened, and unanimously concluded, that Dr. Beilina’s performance met the applicable standard of care.
Several expert witnesses testified at trial. These expert surgeons explained alternative methods for keeping track of the sponges placed inside patients’ bodies. One such method is the use of rings attached to the sponges. These rings hang outside the patient’s body. However, the record reveals that such a method is considered incompatible with laser surgery due to the metallic content of the rings. Additionally, the expert witnesses spoke of a manual inspection inside the opening. Again though, this particular method was not compatible with the “no hands” surgery performed on Mrs. Romero.
A review of the record shows that there were disputed facts as to the number of people in the operating room, whether an initial sponge count was performed, and whether Dr. Beilina himself performed a final count. However, ultimately, Dr. Bei-lina testified that he does not normally perform an independent count, but relies instead on the nurses to keep track of the sponges he places in a patient.
In ruling against Dr. Beilina, the trial court held that a surgeon’s duty to remove foreign objects placed in a patient’s body is an independent, non-delegable duty. The | atrial court found that Dr. Beilina was 70% at fault and the nurses employed by Bon-nabel Hospital were 80% at fault.
On appeal, Dr. Beilina argues that the trial judge erred in concluding that, under Louisiana jurisprudence, a surgeon cannot rely on surgical nurses to count sponges to make sure none are left inside a patient.
A physician or surgeon has a duty to exercise the degree of skill ordinarily employed under similar circumstances by members of his profession in the same community or locality, and to use reasonable care and diligence along with his best judgment in the application of that skill. Megason v. St. Paul Fire & Marine Insurance Co., 355 So.2d 945 (La.App. 3 Cir.1977), citing, Meyer v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781 (1953). The prevailing case law in Louisiana holds that a surgeon has a non-delegable duty to remove all sponges placed in a patient’s body. Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (La.1969); Guilbeau v. St. Paul Fire & Marine Insurance Co., 325 So.2d 395 (La.App. 3 Cir.1975), writ denied, 329 So.2d 454 (La.1976).
In Johnston v. Southwest Louisiana Association, 96-1457 (La.App. 3 Cir. 4/2/97), 693 So.2d 1195, surgical gauze was left in *282 the plaintiff following a hernia operation. The surgeon in that case explained that in a typical surgery the surgeon physically places the sponges into the patient’s body. The nurses are not responsible for placing sponges into the body or for removing them. The surgeon added that although a surgeon should do a visual and manual inspection for sponges, the surgeon’s main focus is on the surgical procedure itself. He stated that it is the nurses’ duty and responsibility to count the sponges and the surgeon depends on the accuracy of that sponge count.
In finding the surgeon 61% at fault, the Third Circuit held:
While we recognize that the nurses have an independent duty, apart from the surgeon’s duty, to account for the sponges and that they can be concurrently at fault with the surgeon for leaving a sponge in the patient’s body, we disagree with [the surgeon’s] assertion that the nurses have the sole duty to account for all sponges and that the surgeon discharges his duty by reasonably relying on their sponge count ... We think, as did the trial judge, that the nurses’ count is a remedial measure that cannot relieve the surgeon of his nondelegable | ¿duty to remove the sponge in the first instance, (emphasis in original).
Similarly, the trial judge in the present case held that Dr. Beilina had an independent, non-delegable duty to remove from the patient’s body the foreign substance that he had placed into her. The trial court added that “[t]he counting of sponges required of the nurses constituted remedial measures that could not relieve the surgeon, Dr. Beilina, of his duty.”
The question of whether a duty exists is a question of law. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318. Based on all of the jurisprudence above, we find that a surgeon has an independent duty to remove all sponges placed in a patient’s body during surgery.
We reject Dr. Beilina’s argument that this case fits squarely with the 1926 Louisiana Supreme Court decision in Roark v. Peters, 162 La. 111, 110 So. 106 (1926). In Roark, a sponge was sewn into the plaintiffs abdomen during a caesarean operation. The supervising nurse erroneously informed the surgeon that all missing sponges had been located. The Louisiana Supreme Court held that if a fact finder believes that the surgeon exercised every reasonable precaution in keeping track of the sponges and seeing to it that they were all removed before the incision was closed, then the surgeon cannot be held liable.
The present case is factually distinguishable from Roark. Unlike the surgeon in Roark, Dr. Beilina relied solely upon the sponge counts of the nurses. There is disputed evidence in the record as to whether Dr. Beilina performed an independent count of his own. Nevertheless, we hold that the current jurisprudence more accurately reflects the modern team approach to surgery, whereby the nurses’ count is a remedial measure that does not discharge the surgeon’s independent duty to insure that all sponges are removed before the incision is closed. Therefore, we find that the trial court was correct in holding that a surgeon has an independent non-delegable duty to insure that all foreign objects inserted into a patient during surgery are also removed from the patient before completion of the surgery. Additionally, we see no error in the trial court’s | .^apportionment of fault. Accordingly, the judgment of the trial court is hereby affirmed. Costs are to be paid by the Appellant.
AFFIRMED.